IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **HAMILTON COUNTY OHIO,** *et al.*, | : | |
| | : | |
| PLAINTIFFS, | : | Case Number: 1:10-cv-668 |
| | : | |
| v. | : | Chief Judge Susan J. Dlott |
| | : | |
| **HOTELS.COM, L.P,** *et al.*, | : | ORDER GRANTING MOTION TO |
| | : | CHANGE VENUE TO THE |
| DEFENDANTS. | : | NORTHERN DISTRICT OF OHIO |

This matter is before the Court on Defendants' Motion to Change Venue to the Northern District of Ohio, Western Division (doc. 16). Plaintiffs oppose the motion. For the following reasons, Defendants' motion will be GRANTED.

I. BACKGROUND

Plaintiffs are three Ohio counties (Hamilton, Cuyahoga, and Erie) that each claim an entitlement to a portion of transient occupancy taxes paid by hotel occupants. Defendants are online travel companies that sell hotel rooms to the general public on behalf of various hotels. Plaintiffs assert in their Complaint that Defendants are violating hotel occupancy tax ordinances by collecting transient occupancy taxes on the rooms it sells to the public but failing to pay all taxes due and owning to the Plaintiffs on these transactions. Plaintiffs filed this action in the Hamilton County Court of Common Pleas, and Defendants removed the action to this Court. Defendants now move to transfer this case to the Northern District of Ohio, Western Division, pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

## II. DISCUSSION

Whether this Court should grant Defendants' motion to change venue depends on the answers to two questions: (1) whether the case could have been brought in the Northern District of Ohio, Western Division; and (2) whether the transfer would advance the interest of justice and convenience. 28 U.S.C. § 1404(a). The Court will resolve each question in turn, keeping in mind that the moving party has the burden of establishing the need for a transfer of venue. *See Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002). The decision of whether to grant a change of venue ultimately lies within the sound discretion of the district court. *Id*. at 946 (citing *Hanning v. New England Mt. Life Ins. Co.*, 710 F. Supp. 213, 215 (S.D. Ohio 1989)).

### A. Venue in the Northern District

To resolve whether this case could have been brought in the Northern District of Ohio, the Court must refer to 28 U.S.C. § 1391(a), the venue statute that pertains to cases filed in federal court based on diversity jurisdiction. That statute provides that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Looking to the first of the three diversity venue provisions, the Court must determine where the Defendants, which are corporations, "reside." The United States Code provides, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Under Ohio law, a party becomes subject to personal jurisdiction in Ohio by, inter alia, "[t]ransacting any business in" the state. Ohio Rev. Code § 2307.382. Plaintiffs allege in the Complaint that Defendants "regularly transact business within this State and within Hamilton, Cuyahoga and Erie counties." (Compl. ¶ 21.) Erie and Cuyahoga Counties are located in the judicial district of the Northern District of Ohio. Taking as true Plaintiffs' allegation that Defendants transact business in Ohio and specifically in Erie and Cuyahoga Counties, Defendants are subject to personal jurisdiction in the Northern District of Ohio. Because Defendants are subject to personal jurisdiction in the Northern District, venue is properly laid there under 28 U.S.C. § 1391(a)(1).

Additionally, venue in the Northern District is proper under the second provision of the venue statute, 28 U.S.C. § 1391(a)(2). Plaintiffs claim that Defendants have failed to remit occupancy taxes to Erie and Cuyahoga Counties, which are in the Northern District. (Compl. ¶¶ 20, 40.) The transactions allegedly giving rise to Plaintiffs' claims involve hotels in Erie and Cuyahoga Counties. Because "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District, venue is proper there under 28 U.S.C. § 1391(a)(2).

**B. Convenience and the interest of justice**

Having satisfied the first prerequisites to a transfer by showing that the case could have been brought in the Northern District, Defendants must now satisfy the second prerequisite by showing that a transfer would be for the convenience of the parties and would advance the interest of justice. The Sixth Circuit has specified that "in ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

The Court will first consider the private interests of the parties. As an initial premise, Plaintiffs note that their choice of forum is entitled to considerable deference, citing *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009). It is true that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)). However, under Sixth Circuit law, "[a] plaintiff's choice of forum . . . is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court." *Jamhour*, 221 F. Supp. 2d at 947. This case was removed to this Court from the Hamilton County Court of Common Pleas. Thus, Plaintiffs' choice of forum, while relevant, is not entitled to substantial weight.

The other convenience factors, such as ease of access to proof and the location of witnesses, fall neutrally on the scale. Two of the Plaintiffs reside in the Northern District, and

the third resides in the Southern District.  The transactions allegedly giving rise to Plaintiffs' claims involve hotels in both the Northern and Southern Districts.  Plaintiffs do not assert that litigating in the Northern District would be more burdensome or inconvenient than litigating in the Southern District.  Because both the Northern and Southern Districts of Ohio are equally convenient for the parties, the convenience factor does not tip the balance in favor of a transfer.

The matter thus comes down to the interest of justice.  Defendants argue that a transfer to the Northern District of Ohio would advance the public interest because two closely related cases are pending before The Honorable David A. Katz, seated in the Northern District, Western Division, and this case could be decided quickly and consistently if it were transferred to Judge Katz's docket.[1]  Plaintiffs respond that a transfer is not appropriate because (1) Judge Katz's cases are no longer pending but are the subject of an appeal, thus this case cannot be considered "related"; and (2) the plaintiffs in Judge Katz's cases are municipalities, not counties, so the statutory principles relevant in Judge Katz's cases are distinct from the statutory principles implicated in the present lawsuit.  Plaintiffs also point out that the issue of payment of taxes by online travel companies, including the Defendants in this case, to local taxing authorities is the subject of pending litigation in courts nationwide, and "[t]he decided litigation has reached mixed results."  (Doc. 22 at 2.)

This Court must consider the value inherent in the fact that a district judge, sitting in a venue that is appropriate for this case, has already acquired familiarity with two factual predicates underpinning this case: (1) the manner in which online travel companies do business,

---

[1] The two hotel tax cases on Judge Katz's docket are *City of Findlay v. Hotels.com, L.P.*, N.D. Ohio Docket No. 3:05-cv-7443 and *City of Columbus v. Hotels.com, L.P.*, N.D. Ohio Docket No. 3:07-cv-2117.

and (2) the types of statutory schemes and the language therein that pertain to the taxation of hotel lodging. Judge Katz's familiarity with these factual predicates does not dictate an outcome; rather, it will smooth the path toward an efficient resolution that is also consistent with relevant precedent. Plaintiffs in this case challenge the same business practice that was at the core of Judge Katz's *Hotels.com* cases: online travel companies' payment of hotel occupancy tax. Defendants point out that six of Plaintiffs' eight claims are identical to those in the complaints in Judge Katz's cases, and the specific allegations are nearly identical. Additionally, with one exception, Defendants in this case are identical to those in Judge Katz's *Hotels.com* cases. These similarities guide this Court to reason that it will be more efficient for this case to be managed on Judge Katz's docket and that litigating in this forum will result in needless duplication of efforts.

**III. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Transfer Venue to the Northern District of Ohio, Western Division (doc. 16), is GRANTED. The above-captioned matter is hereby TRANSFERRED from the docket of The Honorable Susan J. Dlott to the docket of The Honorable David A. Katz, Northern District of Ohio, Western Division.

IT IS SO ORDERED.

                                                   s/Susan J. Dlott
                                                   Chief Judge Susan J. Dlott
                                                   United States District Court

`