IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAMILTON COUNTY, OHIO, et al.,

                     Plaintiff,                   Case No. 3:11 CV 15

-vs-

                                                                MEMORANDUM OPINION

HOTELS.COM, L.P., et al.,

                     Defendant.

KATZ, J.

This matter is before the Court on Defendants' motion to dismiss (Doc. No. 31); Plaintiffs' motion to certify various questions to the Ohio Supreme Court (Doc. No. 36); and Defendants' motion to strike (Doc. No. 48). Each motion has been fully briefed. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

Plaintiffs in this case are Ohio counties, Hamilton, Cuyahoga and Erie, while the Defendants are companies which operate internet travel sites offering, in particular, hotel/motel rooms sold to the general public. Plaintiffs allege that among other things, Defendants collected transient occupancy on rooms sold, but failed to remit same to the Plaintiffs; that such taxes are to be separately stated on the invoice given to the consumer, but Defendants failed to do so.

According to Plaintiffs, Defendants contract with hotels for rooms at "negotiated discounted" rates, then "mark up their inventory of rooms and then sell the rooms on the hotels' behalf to members of the public,.... In doing so, Defendants are acting as *de facto* agents for the hotels."

It is further alleged that Defendants charged and collected taxes from occupants based on the "marked up room rates", but only remitted to Plaintiffs the tax amounts based on the lower

negotiated room rates. Plaintiffs allege that Defendants utilized various methods to disguise, collect and fail to remit appropriate transient occupancy taxes due Plaintiffs.

In various opinions issued by this Court, on very similar issues involving Ohio municipalities and city ordinances and Ohio state statutes, this Court dismissed claims alleging, among other things, that the internet sellers of hotel rooms there involved were not "vendors" as defined by the relevant ordinances and statutes, and, therefore, those ordinances did not impose a direct obligation on Defendants. *See City of Findlay v. Hotels.com L.P.*, 441 F.Supp. 2d 855 (N.D. Ohio 2006); *City of Findlay v. Hotels.Com, et al.*, 561 F.Supp. 2d917 (N.D. Ohio 2008).

While Plaintiffs in the case at bar are counties, the County Codes of Regulations and relevant state statutes involved herein raise the same or similar issues as was before the Court in prior cases noted above. Therefore, there appears no significant reason to regurgitate the same discussion as in those previous cases. In those cases, as in this matter, the Defendants motion to dismiss is directed at the entire complaint, but in the alternative seeks an extension of this Court's prior ruling to apply to County Regulations as contrasted to City Ordinances. As an alternative to total dismissal of the Complaint, Defendants urge this Court to dismiss Count I (violations of Uniform Transient Occupancy Tax Ordinances Ohio Rev. Code § 5739.02, *et seq*. and the Code of Regulations for Hamilton, Erie and Cuyahoga Counties); Count VI (Breach of Contract); Improperly labeled Count VII); and Count VII (Declaratory Judgment).

## II STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir.2007). To survive a motion to dismiss under

Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

### III. DISCUSSION

The City of Findlay's transient guest tax ordinance before the Court in 2006 stated:

> The transient guest tax . . . shall be paid by the transient guest to the <u>vendor,</u> and each <u>vendor</u> shall collect from the transient guest the full and exact amount of the tax payable on each taxable lodging. The tax required to be collected under this chapter shall be deemed to be held in trust by <u>vendor</u> until paid to the [City Auditor]. . . .

Findlay Ord. § 195.06. (Emphasis added). Under that ordinance a "vendor" must be one "who is the owner or operator of [a] hotel. . . ." Findlay Ord. § 195.03(d). The ordinances of the other Plaintiffs in the 2008 case contained similar language and this Court held "that the definition of 'vendor' was too narrow to reach the web-based defendants because they do not own or operate the hotels." *City of Findlay v. Hotels.com* 561 F.Supp.2d at 921. However, in both cases it was held that the Plaintiffs had a viable legal theory to "pursue money <u>collected</u> by the Defendants as taxes

3

but not remitted to the Plaintiffs." *See City of Findlay v. Hotels.com*. 441 F.Supp.2d at 858-61 and *City of Findlay v. Hotels.com*, 561 F.Supp.2d at 921.

In reviewing the applicable County Regulations before the Court in this case, it is clear that only "vendors" are required to collect and then remit occupancy taxes, and, as under city ordinance previously considered by this Court, the Defendants are not "vendors" since they are neither "owners" nor "operators" of the hotels. Clearly, the Defendants do not furnish lodging to hotel guests, a prerequisite to be classified as a "vendor" under the regulations. Likewise, the Defendants are not subject to the regulations as agents or employees of the owner or operator of the hotel "who perform the functions of the vendor on his behalf." Thus, they do not fall within the ambit of either the Hamilton County Regulations (2G) or the Cuyahoga County Regulations "definitions".

Having reviewed the Regulations of Erie County, and the definitions promulgated thereunder, the Court concludes that the Defendants are neither hotel operators not proprietors. (See various Erie County Regulations sections including attached to Complaint as Exhibit 3). Neither are they "managing agents" since they do not perform any of the functions of an operator or proprietor of a hotel.

As in the prior cases decided by this Court, noted above, the Court concludes that the Defendants are not "vendors" under any regulations or statutes applicable in this case, just as they were neither "sellers" nor "agents" under the City ordinances previously considered by the Court. Therefore, Counts I, VI and VII of Plaintiffs' complaint will be dismissed. As in the prior case, the Court concludes that the remaining Counts of the Complaint have viability and Defendants' motion to dismiss as to those counts is denied.

**IV. MOTION TO CERTIFY**

4

The motion to certify filed by Plaintiffs asks this Court to certify to the Ohio Supreme Court seven (7) questions. The Court concurs with Defendants that such certification requires both that this Court be unable to answer the state law questions without guidance from the Ohio Supreme Court, and that the answers to those questions would be determinative of the case before this Court, or at lease a part thereof. As to the first requirement, this Court has issued multiple opinions dealing with or at the edges of the majority of questions requested to be certified. And if not addressed previously by this Court, cases decided by federal courts in this and other circuits have decided similar issues, which give significant guidance to this Court. This Court fails to see the relevancy of several questions propounded by Plaintiffs, but primarily agrees with Defendants due to this Court's ability to decide the answers ( many of which have been previously addressed) to those questions. Additionally, several questions contain misstatements or are misleading in relation to the regulations and/or statutes involved.

**V. MOTION TO STRIKE**

In this motion (Doc. No. 48) Defendant, Expedia, Inc. ("Expedia") asks the Court to strike Exhibits 2 - 4 of Plaintiffs Erie County and Cuyahoga County's Notice of Supplemental Authority filed May 25, 2011 (Doc. No. 44), and any portion of that Notice which references those exhibits. Further, Expedia requests that the Court bar Plaintiffs from referring to those Exhibits during the remainder of this litigation and to compel Plaintiff's counsel to disclose every person and/or entity to whom they have provided any of said exhibits. Expedia contends in its memorandum in support of its motion to strike that Exhibits 2 - 4 to the Notice of Supplemental Authority are privileged and subject to work product protection.

In the first instance this Court notes that the Notice of Supplemental Authority ("Notice") was filed on the Court's publicly-available docket in spite of the fact that one of Plaintiffs' counsel,

5

according to Defense counsel, had been advised approximately fifteen (15) days in advance of the filing of that Notice that Expedia "continues to assert that these documents are subject to the attorney-client privilege and the work product doctrine." This Court agrees with Defense counsel and will not go into great detail since the memorandum in support of the motion clearly outlines the history of this matter and the case law upon which the position of Expedia rests. Suffice to say that Expedia's involuntary production of the Memoranda was in compliance with a Georgia state court's order; as such, it was not a voluntary disclosure which resulted in a waiver of the privilege. The Georgia court relied upon the "crime-fraud" exception with which this Court has previously disagreed and rejected.

After filing with the Georgia court pursuant to its order and to a protective order prohibiting further dissemination to others, the privileged documents were produced to Plaintiff's counsel in that case. In early May of this year a representative in the Florida General Assembly somehow obtained copies of the subject documents and circulated them among other General Assembly members and to the media. Clearly, that was inappropriate and did not in any way waive the privilege or the protection of the protective order. How the Georgia court denied a motion for civil contempt and to enforce the protective order is beyond this Court's ken and we will not comment further thereon. The Court merely finds that the memoranda in question are privileged and protected by the work product doctrine and that Plaintiffs' disclosure thereof was improper. It is also protected in this Court's opinion by the attorney-client privilege. This position was recently upheld by an Illinois state court judge who denied a motion to compel production of the same document, and did so upholding the privilege claims of Expedia. *See City of Chicago v. Hotels.com*, N0. 05-L05103, Order (Cook County Sir. Ct. May 5, 2010).

Clearly, the involuntary and unauthorized public dissemination of a privileged document or documents filed with a court pursuant to a court order does not constitute a waiver of the privilege. Rather, any such disclosure must be voluntary or at the very least be in such circumstances that dissemination thereof is reasonably foreseeable by the party making such disclosure. Such is not the case here.

As previously noted above, the crime-fraud exception simply does not apply to this case and nothing has been articulated by Plaintiffs which would convince this Court that it does. As previously stated, the report of the special master in the Georgia case has been rejected as viable legal precedent by a number of courts, including this Court.

For the foregoing reasons, the motion to strike is granted. Exhibits 2 - 4 and any portion of Plaintiffs' Notice of Supplemental Authority referencing those Exhibits are ordered stricken; Plaintiffs are barred from using or referring to the memoranda in any way in this litigation without prior authority of this Court; and Plaintiffs' counsel are directed to disclose every person and/or entity to whom copies of said memoranda have been provided.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE