IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAMILTON COUNTY OHIO, et al.,

       Plaintiff,      Case No. 3:11 CV 15
 -vs-
                  MEMORANDUM OPINION
HOTELS.COM, L.P., et al.,

       Defendant.

KATZ, J.

This matter is currently before the Court on Defendants' motion for summary judgment. For the reasons that follow, Defendants' motion is granted.

**I. Background**

Defendants are companies that operate websites on which consumers may reserve hotel rooms. The process generally works as follows: Defendants pay hotels a certain rate for the ability to offer rooms on their websites (the "net rate"). The net rate represents the amount that hotels agree to accept for room rental. When a consumer subsequently reserves a hotel room through one of Defendants' websites, the consumer pays a higher rate (the "reservation rate"), which has been marked-up to compensate Defendants for their services. Moreover, the consumer pays a "tax recovery charge," which Defendants calculate by multiplying the tax rate by the net rate. Defendants remit the tax recovery charge to the hotel, and the hotel remits the occupancy taxes to the taxing authorities.

Plaintiffs Hamilton, Cuyahoga and Erie Counties brought this suit against Defendants alleging that they violate Plaintiffs' occupancy tax laws. Plaintiffs claim Defendants are required to calculate occupancy taxes based on the reservation rate, not the net rate. Moreover, Plaintiffs claim Defendants improperly fail to separately state the amount Defendants charge for taxes on

consumer invoices.  Plaintiffs further allege that Defendants do not remit all money that Defendants collect as taxes.

The nature of Plaintiffs' claims is not new to Defendants, to this Court, or to the Sixth Circuit.  Previously, a number of Ohio cities brought a consolidated action against Defendants for violation of similar tax laws.  *See City of Columbus v. Hotels.com*, Nos. 3:05cv7443, 3:07cv2117 (N.D. Ohio) (hereinafter, "Columbus Action").  In that case, this Court granted Defendants' motions to dismiss on the issues of proper calculation and collection of taxes, and also granted Defendants' subsequent motion for summary judgment on the claim that Defendants failed to remit money they collected as taxes.  The Sixth Circuit affirmed, finding that the cities' regulations did not impose a duty on Defendants to collect taxes, that the regulations did not tax anything beyond the net rate, and that the cities offered no evidence to show that Defendants failed to remit money they collected as taxes.  *See City of Columbus v. Hotels.com*, 693 F.3d 642, 650, 51, 53-54  (6th Cir. 2012) (hereinafter, "Sixth Cir's. Columbus Action Op.").[1]

In the instant matter, as in the City Action, this Court granted Defendants' motion to dismiss as to claims that Defendants should have collected taxes on the reservation rate instead of the net rate.   The Court denied the motion to dismiss as to claims that Defendants failed to remit money collected as taxes.  Defendants now move for summary judgment on this issue.  Additionally, Plaintiffs' opposition briefs ask the Court to reconsider its ruling on Defendants' motion to dismiss.

## II. Discussion

---

[1] The Sixth Circuit's opinion refers to the net rate as the "wholesale rate," and to the reservation rate as the "retail rate."  *See* Sixth Cir's. Columbus Action Op., 693 F.3d at 645.  This Court uses the terms "net rate" and "reservation rate" for consistency with the parties' briefing.

**A. Reconsideration**

Nearly seventeen months after the Court ruled on Defendants' motion to dismiss, Plaintiffs seized the occasion of their summary judgment response briefs to ask the Court to reconsider its ruling. Plaintiffs' request is not well-taken.

First, Plaintiffs insist that the regulations impose a direct collection obligation on Defendants. The regulations, however, only impose collection obligations on "Vendors" or their agents (Hamilton and Cuyahoga Counties), and on "Operators" or their agents (Erie County). As explained in this Court's prior opinion, Defendants do not meet these definitions as a matter of law. (Doc. 56 at 3-4); *see also* Sixth Cir's. Columbus Action Op., 693 F.3d at 648-50 (finding Defendants did not meet similar definitions in city tax ordinances).

Second, Plaintiffs argue that their regulations are not limited to the smaller net rate on which Defendants currently remit taxes. Rather, Plaintiffs argue that their regulations tax the Defendants' larger reservation rate. Plaintiffs support this argument by citing the regulations' enabling statute, as well as the regulations themselves, which impose taxes not only on transactions by which lodging is furnished, but also on transactions by which lodging *is to be furnished*. Yet, the Sixth Circuit rejected a similar argument in the Columbus Action. *See* Sixth Cir's. Columbus Action Op., 693 F.3d at 651 (analyzing comparable language in city tax ordinances). Specifically, the Sixth Circuit found that notwithstanding language regarding transactions by which lodging *is to be furnished*, the city ordinances were only "concerned with the amount paid to the hotel for lodging [i.e., the net rate,] not the amount paid for service or booking fees or for the cost of using the [Defendants'] services . . . ." *Id*.

3

Importantly, the language of at least one ordinance analyzed by the Sixth Circuit in the Columbus Action (the Monclova Ordinance), is nearly identical to the language of the regulations at issue in the instant matter. As such, the Sixth Circuit's analysis is sufficiently analogous to reject Plaintiffs' argument. *Compare id*. (quoting Monclova Ord. §§ 2(H), 3(A)) (Monclova imposes tax on "transaction[s] . . . by which lodging is or is to be furnished by a vendor to a transient guest . . . at the rate of [three percent] of the rent for each such transaction" where rent is defined as "the aggregate in money . . . paid . . . for hotel lodging"); *with* Hamilton County Reg. §§ 2(J), 3(A) (Hamilton County imposes tax on "transaction[s] . . . by which lodging is or is to be furnished by a vendor to a transient guest . . . at the rate of [three percent] of the rent for each such transaction" where rent is defined as "the aggregate value in money . . . paid . . . for hotel lodging"); Cuyahoga County Reg., Definitions § (I), Levy of Tax § (A) (Cuyahoga County imposes tax on "transaction[s] . . . by which lodging is or is to be furnished by a vendor to a transient guest . . . at the rate of [three percent] prior to March 1, 1993, and [four and one-half percent] thereafter of the rent for each such transaction" where rent is defined as "the aggregate value in money . . . paid . . . for hotel lodging"); Erie County Reg. §§ 2(e), 3 (Erie County imposes tax on "transactions by which lodging is or is to be furnished to transient guests. The tax is [two percent] on all rents paid . . . for the lodging" where rent is defined as "the consideration received for occupancy"). Plaintiffs attempt to distinguish the city ordinances by arguing that the enabling statute behind them incorporates certain definitions that are not incorporated in the counties' enabling statute. Plaintiffs' argument is unpersuasive, as they do not identify any definitions that would affect the above analysis.

4

Third, Plaintiffs Erie County and Cuyahoga County maintain that Defendants violated the regulations' requirement that all taxes be separately stated on consumer invoices.[2] Plaintiffs do not offer any new arguments in asking the Court to revisit its dismissal of this claim, and the Court will not do so.

Fourth, Plaintiff Erie County argues that Defendants owe taxes on the reservation rate because Erie County amended its tax regulations during the pendency of this action to reach such transactions. The amendment occurred, however, prior to this Court's July 2011 motion to dismiss ruling, and Erie County did not inform the Court of the amendment until responding to the instant motion for summary judgment, some seventeen months after the fact. The Court will not entertain Erie County's belated argument. *See* Sixth Cir's. Columbus Action Op. 693 F.3d at 650 (affirming this Court's refusal to entertain arguments belatedly raised for first time on summary judgment).

## B. Summary Judgment

Defendants move for summary judgment on Plaintiffs' claims that Defendants failed to remit money they collected as taxes.

## 1. Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the

---

[2] Plaintiff Hamilton County's regulations do not contain a requirement that taxes be separately stated.

district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v.*

*Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).  However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

**2. Analysis**

At the outset, the Court notes that the factual record in this case is largely similar to that of the Columbus Action.  This is the result of the parties' Discovery Sharing Protocol whereby Defendants produced to Plaintiffs certain discovery from the Columbus Action, including deposition transcripts, written discovery and documents.  The purpose of the Protocol was to reduce costs and prevent duplicative discovery in light of the fact that the instant matter involves much of the same evidence as the Columbus Action.  The only new discovery taken by Plaintiffs consisted of jurisdiction-specific transaction data produced by Defendants.  Additionally, Defendants took written discovery and depositions on the collected-but-unremitted issue from the Plaintiffs' 30(b)(6) witnesses.

After review, the Court finds that Plaintiffs have not pointed to any evidence showing that Defendants failed to remit money they collected as taxes.  Notably, Erie and Cuyahoga County's

joint opposition brief consists of a near *verbatim* copy and paste of the same argument they offered on summary judgment in the Columbus Action.[3] In effect, they have offered the same argument on the same record from which this Court previously found there were no factual disputes, a finding that was affirmed by the Sixth Circuit. 693 F.3d at 653-54. The new discovery that was added to the record during this case does not change the analysis. Each of Plaintiffs' 30(b)(6) witnesses testified that they could not identify a specific instance where any of the Defendants collected but did not remit taxes. Thus, Defendants are entitled to summary judgment.

**III. Conclusion**

For the reasons stated herein, Defendants' motion for summary judgment is granted. (Doc. 105). Case closed.

IT IS SO ORDERED.

                                            S/ *David A. Katz*
                                            DAVID A. KATZ
                                            U. S. DISTRICT JUDGE

---

[3] Hamilton County's brief does not add argument on the collected-but-unremitted issue.